Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001277
06-FEB-2017
08:12 AM

NO. CAAP-14-0001277

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

BRENT LOCKWOOD, Appellant-Appellant, v.
STATE OF HAWAI'I, DEPARTMENT OF LABOR AND INDUSTRIAL
RELATIONS EMPLOYMENT SECURITY APPEAL & REFEREES'
OFFICE, Appellees-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 14-1-0186(2))

AMENDED SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Leonard and Reifurth, JJ.)

Appellant-Appellant Brent Lockwood (**Lockwood**) appeals
pro se from the Final Judgment (**Judgment**) in favor of Appellee-
Appellee State of Hawai'i, Department of Labor and Industrial
Relations, Employment Security Appeals Referees' Office (**DLIR
Referees' Office**), which was filed on October 6, 2014 (**Judgment**),
in the Circuit Court of the Second Circuit (**Circuit Court**).[1] In
the Judgment, the Circuit Court affirmed the decision of the DLIR
Referees' Office that Lockwood was disqualified from receiving
unemployment benefits because he was discharged for misconduct

---

[1] The Honorable Peter T. Cahill presided.

connected with work, as provided in Hawaii Revised Statutes (HRS) § 383-30(2) (2015).

In this secondary appeal, Lockwood contends that the Circuit Court erred in affirming the DLIR Referees' Office's finding that his unauthorized absence constituted misconduct connected with work under Hawaiʻi unemployment insurance laws. The crux of Lockwood's argument is that his decision to fly standby on his return to Hawaiʻi (on the last day of a holiday weekend and the day before he was scheduled to return to work) did not constitute a wilful or wanton disregard of his employer's interest, or wilful disobedience of the employer's directives, but rather, it was a good faith error in judgment or discretion.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Lockwood's appeal as follows:

A discharge of employment for misconduct connected with work disqualifies a person from receiving unemployment benefits. HRS § 383-30(2). "A discharge occurs when an employer is the 'moving party' in the termination of the employment relationship." Hawaii Administrative Rules (**HAR**) § 12-5-51(a) (1981). It is undisputed that Lockwood was required to return to work on October 15, 2013, that he was fired for failing to do so, and that his employer, Employer-Appellee-Appellee Ka Lima O Maui, Ltd. (**Ka Lima**), was the moving party in the termination of the employment relationship. Thus, Lockwood was discharged from employment for conduct connected with work. HAR § 12-5-51(a).

2

Accordingly, we must review whether the DLIR Referees' Office properly found that Lockwood's unapproved absences constitute misconduct.

The standards for misconduct under the unemployment insurance laws are set forth in HAR § 12-5-51, which provides in relevant part:

(c)    Misconduct connected with work consists of actions which show a wilful or wanton disregard of the employer's interests, such as deliberate violations of or deliberate disregard of the standards of behavior which the employer has a right to expect of an employee, or carelessness, or negligence of such a degree or recurrence as to show wrongful intent or evil design.  Mere inefficiency, unsatisfactory conduct, poor performance because of inability or incapacity, isolated instances of ordinary negligence or inadvertence, or good-faith errors in judgment or discretion are not misconduct.  The misconduct shall be related to the work of the individual or the individual's status as an employee.

(d)    In determining whether an individual's act constituted "misconduct" the department shall consider any relevant evidence presented which relates to:
(1)    Employee's reasons for the act or omission, and efforts to avoid the act or failure to act;
(2)    The relevant circumstances of the case and any causative effect therefrom upon the employee's actions;
(3)    The nature and importance to the employer of the offended interest of the employer;
(4)    Any lawful and reasonable company policy or custom;
(5)    Employer's actions to curtail or prevent, if possible, the objectionable conduct; and
(6)    The nature of the act or failure to act.

(e)    Situations where misconduct may be found include, but are not limited to, the following where the evidence demonstrates:
(1)    Unexcused absence or recurring unexcused tardiness; or
. . . .
(4)    Employee's gross neglect of duty;
(5)    Employee's wilful disobedience of employer's directives or employee's insubordination.

HAR § 12-5-51(c)-(e).  The burden of proof is on the employer to show that the claimant was discharged for misconduct.  Medeiros v. Haw. Dep't of Labor & Indus. Relations, 108 Hawai'i 258, 262,

118 P.3d 1201, 1205 (2005); <u>see</u> <u>also</u> <u>Hardin v. Akiba</u>, 84 Hawai'i 305, 933 P.2d 1339 (1997).

Here, as stated by the Circuit Court in the court's findings of fact, the Appeals Officer found, *inter alia*:

   a.   Claimant's vacation ended on October 11, 2013, a Friday, and he was scheduled to return to work on Tuesday, October 15, 2013, after the Federal holiday on Monday, October 14, 2013.

   b.   Claimant traveled to California on a standby ticket and intended to fly back to Hawaii on October 14, 2013, but was unable to get a seat until October 18, 2013, seven days after his vacation ended.

   c.   Employer had informed Claimant when he went on vacation in February, 2013, that if Claimant did not return on time he would be terminated.

   d.   Claimant was fully aware of the importance of returning to work after his vacation on time because when Claimant asked Employer what would happen if he did not return on time from his October vacation, Employer informed Claimant that that would be his problem.

   e.   The very nature of a standby ticket means that there is no guarantee of a travel date. By only trying to travel on October 14, 2013, a Federal holiday, Claimant was gambling with Employer's interests. Employer had a right to expect Claimant to return to work to avoid inadequate staffing, increased work, and overtime for other employees.

Upon review, the Circuit Court did not err when it determined that these findings are not clearly erroneous in view of the substantial evidence in this record. In addition, with respect to the HAR § 12-5-51(d) factors, the evidence included that:  (1) Although Lockwood traveled to California because he needed to contest a trusteeship for an estate by October 5, 2013, his explanation for waiting until October 14, 2013 to try to travel back to Hawai'i was that there were "other [unspecified] issues" involved regarding an inheritance estate that "he had to deal with" that "would take time" (HAR § 12-5-51(d)(1)); (2) Lockwood was aware there was a workload issue, as several other

people were taking vacation at that time and his absence would cause a staff shortage (HAR § 12-5-51(d)(2)); (3) Lockwood had been informed of the importance of showing up on his scheduled return-to-work date and a February memo had put him on notice that not returning to work as scheduled was a serious enough offense to potentially merit termination from Ka Lima (HAR § 12-5-51(d)(3)); (4) as the Appeals Officer found, Ka Lima "had a right to expect [Lockwood] to report to work on time and as scheduled, as an employee's absence would foreseeably and reasonably affect business operations through inadequate staffing and increased work and/or required overtime for other employees" (HAR § 12-5-51(d)(4)); (5) Lockwood's supervisor had met with Lockwood to negotiate the October vacation dates and reportedly told him that he needed to be back by October 15, 2013, and that a failure to do so would be his "problem," as well as issued the February memo (HAR § 12-5-51(d)(5)); and (6) Lockwood's explanation provided no compelling reason why he was unable to try for an earlier flight (HAR § 12-5-51(d)(6)). Rather, Lockwood's failure to try to return on an earlier flight showed "carelessness" and a "deliberate disregard of the standards of behavior which the employer ha[d] a right to expect" of him. HAR § 12-5-51(c).

We reject Lockwood's contention that his actions constituted a good-faith error in judgment, rather than wilful misconduct. The supreme court has explained that, "as set forth in this court's prior decisions and discussed below, the level of

culpability required to show wilful or wanton disregard is not subjective intent, but conscious disregard of a known (or which should have been known) risk with respect to a result of the conduct." Medeiros, 108 Hawai'i at 268, 118 P.3d at 1211. The supreme court held in Medeiros that the claimant "knew or should have known that her job would be in jeopardy" if she violated the policy, and that she consciously disregarded that risk. Id. at 271, 118 P.3d at 1214. Thus, her actions showed a wilful or wanton disregard for her employer's interests and she was disqualified from unemployment benefits. Id. at 268-69, 118 P.3d at 1211-12; see also Keanini v. Akiba, 93 Hawai'i 75, 82, 996 P.2d 280, 287 (App. 2000) (recognizing that claimant "knew or should have known that his job would be in jeopardy if he chose to drive uninsured, and that he made a conscious decision in the face of this risk to do precisely that which demonstrated a wilful or wanton disregard of the employer's interests" (citation, internal quotation marks and ellipsis omitted)). Here, Lockwood knew or should have known that his job would be in jeopardy if he failed to return to work as scheduled and, in making his travel plans, he consciously disregarded that risk. Thus, we conclude that his actions showed a wilful or wanton disregard for his employer's interests and he was disqualified from unemployment benefits.

For these reasons, the Circuit Court's October 6, 2014 Judgment is affirmed.

DATED: Honolulu, Hawai'i, February 6, 2017.

On the briefs:

Brent Lockwood,
Appellant/Appellant *Pro Se*.

Frances E.H. Lum,
Li-Ann Yamashiro,
Deputy Attorneys General,
for Appellees/Appellees.

Chief Judge

Associate Judge

Associate Judge